UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                 23-CR-20 (JLS)

WILLIAM A. QUINONES,

        Defendant.

---

## SUPPLEMENTAL ORDER ON MOTION *IN LIMINE*

At the December 21, 2023 final status conference, the Court addressed the outstanding portions of the Government's motion *in limine* to admit evidence of prior child molestation offenses pursuant to Federal Rule of Evidence 414 (Dkt. 45), among other things. The Court heard argument and issued the following rulings on the outstanding issues, for the reasons below and as stated more fully on the record:

- Request to admit evidence that, on occasions when Victim 2 was under 14 years of age, Defendant would place Victim 2's hand on his penis outside of his pants, but she would pull her hand away:

  The Court **granted** the Government's request and concluded that this evidence is **admissible** under Rule 414 because both the charged offenses and the proffered evidence involve child molestation. The evidence also is admissible under Rule 403 because its probative value is not substantially outweighed by a danger of unfair prejudice. *See United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018). According to the Government, the proffered evidence continued after Victim 2 turned 14 years old. The Government

endeavors to confine Victim 2's testimony to conduct that occurred before Victim 2 turned 14 years old. If necessary, the Government will ask the Court to evaluate the admissibility of any proffered evidence that occurred after Victim 2 turned 14 years old under a different Federal Rule of Evidence.

- Request to admit evidence that between 2015 and 2018, Defendant brought Victim 4 and Victim 1 to a bedroom and forced them to perform sexual acts on each other—including taking their clothes off, kissing, touching each other's vaginas, and oral sex—and touched Victim 1 and Victim 4's breasts during this conduct:

The Court **granted** the Government's request and concluded that this evidence is **admissible** under Rule 414, to the extent that it includes conduct from when Victim 4 was 12 and 13 years old, because both the charged offenses and the proffered evidence involve child molestation. The evidence also is admissible under Rule 403 because its probative value is not substantially outweighed by a danger of unfair prejudice. *See Spoor*, 904 F.3d at 154. The Government endeavors to confine Victim 4's testimony to conduct that occurred before Victim 4 turned 14 years old. If necessary, the Government will ask the Court to evaluate the admissibility of any proffered evidence that occurred after Victim 4 turned 14 years old under a different Federal Rule of Evidence.

\* \* \*

**Limiting instructions:** The Court discussed with the parties its plan for limiting instructions to the jury regarding evidence admitted under Rule 404(b) and Rule 414. In particular, the Court will give such instructions both in real-time, as the evidence is admitted, and in the final charge. Counsel for both sides will assist the Court in ensuring that these instructions occur.

SO ORDERED.

Dated:   December 21, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE